# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR184 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RAMON FELICIANO-MONTANEZ, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is presently before the Court on the *pro se* motion of defendant Ramon Feliciano-Montanez ("Feliciano-Montanez") to suppress. (Doc. No. 244.) Because Feliciano-Montanez is represented by counsel, the motion is DENIED.

In a superseding indictment returned on June 19, 2019, Feliciano-Montanez and fourteen other individuals were charged with violating various federal drug and drug-related statutes. (Doc. No. 15.) At Feliciano-Montanez's arraignment on June 25, 2019, Attorney Erik E. Jones was appointed to represent him. Feliciano-Montanez remains represented by counsel, and his attorney continues to appear on his behalf. Counsel also continues to file motions on behalf of his client. (*See, e.g.,* Doc. Nos. 121, 183.) Feliciano-Montanez has never expressed his intention or desire to terminate the representation.

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814-18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), they have no constitutional right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 484, 488 (6th Cir.

2014); *United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one right constitutes a correlative assertion of the other . . . [and] for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (quotation marks and citations omitted); *see Mosely*, 810 F.2d at 97-98. Ultimately, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

Accordingly, it is well settled that that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel). *See generally McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief when represented by counsel).

And in this particular case there is no reason to stray from this widely accepted rule. Feliciano-Montanez has not attempted to invoke his constitutionally protected right to proceed without the assistance of counsel, pursuant to *Faretta,* 422 U.S. at 814-18. Moreover, he continues to receive representation from his appointed counsel. The Court finds that allowing Feliciano-Montanez to file *pro se* motions, while simultaneously enjoying representation by counsel, will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F. App'x at 488 (noting that hybrid representation is generally prohibited because it

increases the risk of delay, confusion, and conflicts in trial strategy); *see generally McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).

For the reasons set forth above, Feliciano-Montanez's *pro se* motion to suppress (Doc. No. 244) is DENIED.

**IT IS SO ORDERED**.

Dated: December 5, 2019

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**