**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:19-cr-184-6 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| RAMON FELICIANO-MONTANEZ, ) | |
| ) | |
| DEFENDANT. ) | |

This matter is before the Court on the motion of defendant Ramon Feliciano-Montanez ("Feliciano-Montanez") for release from detention. (Doc. No. 385 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 390 ["Opp'n"].) For the reasons that follow, Feliciano-Montanez's motion is DENIED.

### I. BACKGROUND

On June 19, 2019, a superseding indictment issued charging Feliciano-Montanez and fourteen other individuals in a drug conspiracy. (Doc. No. 15 [Superseding Indictment].) On June 27, 2019, Feliciano-Montanez waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142, but reserved "the right to revisit the issue of detention at a later date should circumstances change." (Doc. No. 67 (Waiver/Order of Detention ["Waiver"]) at 288.)

On February 4, 2020, Feliciano-Montanez entered a plea of guilty to the following charges: conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1)(A), (b)(1)(B), (b)(1)(C) and 846; three counts of distribution

of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (2-6-2020 Minutes; Doc. No. 310 [Plea Agreement].) Feliciano-Montanez is currently housed at Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on May 28, 2020.

## II. DISCUSSION

On April 7, 2020, Feliciano-Montanez filed the present motion in which he seeks release on bond pending sentencing due to the current health crisis surrounding the COVID-19 pandemic. He posits that it is "axiomatic that incarcerated individual are at special risk of infection, given their living situations and may also be less able to participate in proactive measures to keep themselves safe." (Mot. at 2769.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143). Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of a qualifying crime, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Feliciano-Montanez is subject to mandatory detention as each of the charges to which he has now pled guilty carries with it a rebuttable presumption "that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(3). Further, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See* Opp'n at 2806; Plea Agreement at 1835.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight or danger. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Feliciano-Montanez is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 can present a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release. But Feliciano-Montanez does not allege that he suffers from a serious health condition which

places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 2768-69.)[1]

As set forth in the government's response, U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (Opp'n at 2806-08.) Feliciano-Montanez's institution has also taken several safety following measures to stop the spread of the virus. (*Id*. at 2808-09.) While the Court is sympathetic to Feliciano-Montanez's general concerns about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19); *see also United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (noting that "it is a rare case in which health conditions present an 'exceptional reason'" to allow release where otherwise detention would be warranted).

Additionally, given Feliciano-Montanez's extensive criminal history and his history of

---

[1] Feliciano-Montanez cites the deaths of two inmates at FCI Elkton due to COVID-19. (Mot. at 2768-69.) Feliciano-Montanez is incarcerated at NEOCC.

parole and supervised release violations, the Court is far from convinced that Feliciano-Montanez would remain compliant on temporary release. (Doc. No. 308 [Amended Information Re: Prior Convictions]; *see* Opp'n at 2804.) "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Clark*, No. 19-40068-10-HLT, 2020 WL 1446895, at *7 (D. Kan. Mar. 25, 2020. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19—notwithstanding defendant's asthma, high blood pressure, and diabetes—noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

Further, the Court finds that Feliciano-Montanez is a flight risk. Feliciano-Montanez is facing a significant prison sentence since his base offense level after acceptance of responsibility is 32 (or 34 if he is determined to be a career offender) and he is a criminal history category VI. (*See* Plea Agreement at 1838.) The current pandemic does not change the fact that Feliciano-Montanez does not meet the standard for release under 18 U.S.C. § 3143.

### III. CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the government's response opposing the motion, Feliciano-Montanez's motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 16, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**