# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19-cr-184-6 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| RAMON FELICIANO-MONTANEZ, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Ramon Feliciano-Montanez ("Feliciano-Montanez") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 513 (Motion).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 517 (Opposition)), and Feliciano-Montanez has replied. (Doc. No. 521 (Reply).) For the reasons set forth herein, the motion to vacate is denied.

## I. BACKGROUND

On June 19, 2019, a superseding indictment issued charging Feliciano-Montanez and fourteen (14) other individuals with participation in a drug trafficking conspiracy. (Doc. No. 15.) On February 6, 2020, Feliciano-Montanez, with the benefit of a plea agreement, entered a counseled plea of guilty to five counts in the superseding indictment.[1] (Minutes of Proceedings [non-document], 02/06/2020; Doc. No. 310 (Plea Agreement).) On September 11, 2020, the

---

[1] Specifically, Feliciano-Montanez entered a guilty plea to Count 1 (Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Heroin, and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(C)); Counts 2, 8, 9 (Distribution of Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)); and Count 15 (Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).

Court sentenced defendant. (Doc. No. 476 (Judgment); Minutes of Proceedings [non-document], 09/11/2020.)

At sentencing, and in accordance with the plea agreement, the Court determined that the amount of drugs at issue in Count 1 was more than 400 grams of heroin and/or fentanyl, providing for a base offense level of 30. (Doc. No. 310 ¶ 18; Doc. No. 505 (Transcript from Sentencing) at 36–37.) Two levels were added for Feliciano-Montanez's leadership role, bringing his adjusted offense level to 32. With two prior state trafficking convictions, Feliciano-Montanez was determined to be a career offender under U.S.S.G. § 4B1.1, making his offense level 34, to which a three-level reduction for acceptance of responsibility was applied, making the offense level 31. While Feliciano-Montanez's criminal history score corresponded to a criminal history category V, his status as a career offender automatically raised that to a category VI, resulting in an advisory guideline range of 188 to 235 months. (Doc. No. 505 at 36–37.) The Court sentenced Feliciano-Montanez at the lowest end of the advisory guideline range to a custody term of 188 months. (Doc. No. 476; Minutes of Proceedings [non-document], 09/11/2020.)

Feliciano-Montanez filed a timely appeal from the Court's judgment. (Doc. No. 479 (Notice of Appeal).) On November 6, 2020, the Sixth Circuit Court of Appeals granted Feliciano-Montanez's motion to voluntarily dismiss his appeal. (Doc. No. 495 (Order).)

The present motion to vacate followed on August 24, 2021. In his motion, Feliciano-Montanez raises as his solitary ground for relief his belief that he was not properly designated as a career offender "in accordance [with] the First Step Act of 2018; Effective Dec. 21, 2018." (Doc. No. 513 at 4.) He claims that he was unaware of the change in the law following the

enactment of the First Step Act, and that his attorney was ineffective for failing to apprise him of the change or otherwise challenge his career criminal designation at sentencing. (Doc. No. 513 at 9; Doc. No. 521 at 2.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United*

*States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a petitioner challenges the validity of a plea, the representations of the petitioner, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.*

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412,

1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where, as here, the judge considering the § 2255 motion also presided over the guilty plea and sentencing hearings, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. Feliciano-Montanez's sentencing guidelines claim is not cognizable on a motion to vacate, and his claim of ineffective assistance of counsel is entirely refuted by the undisputed facts in the record.

### III. DISCUSSION

While couched in terms of ineffective assistance of counsel, Feliciano-Montanez's claim actually challenges his career-offender designation. As an initial matter, the Court finds that such a claim is not cognizable on a motion to vacate. It is now well settled that a "misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018). "Indeed, every circuit to 'look[] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations.'" *Bullard v. United States*, 937 F.3d 654, 660–61 (6th Cir. 2019) (quoting *Snider*, 908 F.3d at 191, and collecting cases).

5

But even if the Court treats Feliciano-Montanez's claim as one properly advanced as ineffective assistance of counsel—a claim that is cognizable on a motion to vacate—it would fail on the merits. Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland*, in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id*.

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id*. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

In considering the second *Strickland* prong, a defendant is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691 (citation omitted). A defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

6

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Feliciano-Montanez does not have to demonstrate that he would have prevailed at trial, a defendant alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003) (citation omitted).

When reviewing claims of ineffectiveness of counsel, the Court is mindful that its scrutiny of defense counsel's performance is highly deferential. Feliciano-Montanez's counsel is strongly presumed to have rendered adequate assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Strickland*, 466 U.S. at 689-90 ("strong presumption" that counsel's conduct falls within a wide range of reasonable professional assistance); *see Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986).

Applying this deferential standard to the present claim, it is clear that Feliciano-Montanez is entitled to no relief because he was properly sentenced as a career offender under the guidelines. At sentencing, the Court applied U.S.S.G § 4B1.1 to classify Feliciano-Montanez as a career offender. Under § 4B1.1(a), a defendant qualifies for career offender enhancement if: (1)

he was at least eighteen years of age at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. As is pertinent to the present motion, the guidelines further define a controlled substance offense as "an offense under federal or state law, *punishable by imprisonment for a term exceeding one year*, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added).

In 2013, and again in 2014, Feliciano-Montanez was convicted in the Lorain County Court of Common Pleas with drug trafficking in violation of Ohio Rev. Code § 2925.03(a)(2). (Doc. No. 407 (Final Presentence Report) at 12.) Specifically, in the 2013 case (Lorain Cnty. Ct. of Common Pleas No. 13CR86853), he was convicted of, *inter alia*, one count of trafficking in drugs, a felony of the second degree; three counts of trafficking in drugs, each felonies of the third degree; and one count of trafficking in drugs, a felony of the fourth degree. He received an aggregate sentence of six years of imprisonment. (*Id.*) In the 2014 case (Lorain Cnty Ct. of Common Pleas No. 14CR89535), Feliciano-Montanez was convicted of, *inter alia*, one count of trafficking in drugs, a felony of the third degree and two counts of trafficking in drugs, both felonies of the fourth degree. Each of these eight counts of conviction are qualifying convictions because they each carry a sentence of more than 12 months of imprisonment. As discussed below, that he only received a 12-month sentence in the 2014 case is of no consequence. The Court determined that these convictions were predicate offenses under § 4B1.1, but Feliciano-Montanez argues that this was error in light of the passage of the First Step Act.

8

In 2018, Congress enacted the First Step Act, which among other things, amended 21 U.S.C. § 841(b)(1)(A) to narrow the types of offenses that qualify for enhanced penalties. First Step Act of 2018, § 401(a)(2), Pub. L. No. 115-391, 132 Stat. 5194, 5220-21. Now, only "serious drug felon[ies]," and not "felony drug offense[s]," can serve as predicate offenses for sentencing enhancements under §§ 841(b)(1)(A). *Id*. Feliciano-Montanez believes that the change is particularly consequential in his case because a "felony drug offense" under 21 U.S.C. § 802(44) is defined as "an offense that is *punishable* by imprisonment for more than one year," while a "serious drug offense" under § 802(57) is an offense where "the offender *served* a term of imprisonment of more 12 months."[2] (emphasis added). Because he did not serve a sentence of more than 12 months on the 2014 conviction, Feliciano-Montanez argues that it could not have counted toward his career offender enhancement. (Doc. No. 513 at 14 (arguing that the 2014 conviction could not serve as a qualifying offense because he did "not serve an [sic] term of imprisonment of **more than 12 months**.") (emphasis in original).

The fatal flaw in Feliciano-Montanez's argument lies in the fact that his career enhancement flows from U.S.S.G. § 4B1.1 and not 21 U.S.C. §§ 841(b)(1)(A) or (B). "[T]he First Step Act did not affect the definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1." *United States v. Wiseman*, 932 F.3d 411, 420 (6th Cir. 2019) (noting that "[i]t is not the role of this court to alter the Guidelines' content. That is the province of the Sentencing Commission.") While Feliciano-Montanez may not have *served* more than one year for the 2014 state court conviction, the statute under which he was convicted—Ohio Rev. Code § 2925.03—provided that convictions were *punishable* by more than one year imprisonment. *See*

---

[2]  Additionally, the defendant's release must have been within fifteen years of the instant offense. § 802(57)(B).

*Wiseman*, 932 F.3d at 421 (rejecting a similar argument and citing U.S.S.G. § 4B1.2 app. n.1 (noting that a prior conviction need only have presented the possibility of a sentence of more than a year, "*regardless of the actual sentence imposed*") (emphasis added)). His sentence, therefore, was properly enhanced under § 4B1.1.

Because there was no error in the Court's application of § 4B1.1, Feliciano-Montanez cannot demonstrate that his counsel was ineffective for failing to object to the enhancement at sentencing. *See Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (finding that counsel was not constitutionally ineffective for not pursuing meritless claims); *Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir. 1986) (noting that "[a]n attorney is not required to present a baseless defense or to create one that does not exist") (citation omitted); *see also Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (holding that counsel "cannot be ineffective for a failure to raise an issue that lacks merit"). Feliciano-Montanez's claim for ineffective assistance of counsel fails.

## IV. CONCLUSION

For the foregoing reasons, Feliciano-Montanez's motion to vacate, set aside, or correct his sentence is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 7, 2022

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**